UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 2347

-----------------------------------------------------------------------X

MARIA GONZALEZ FERRO, ALEXANDRA CATTARUZZA,
MARA OLIVA, SILVANA BONIL, CATALINA ANGEL,
LUMA RIVERA, MARIA PAZ CUEVAS, MARCIA
ZORRILLA, EULALIA PEREZ, DANIEL CRIADO, ERIC
LOSADA, RICARDO VACCA, and HEYDI DE LA CRUZ on
their own behalf and on behalf of a class similarly situated,

**CLASS ACTION
COMPLAINT**

Plaintiffs,

**JURY TRIAL
DEMANDED**

— against —

METROPOLITAN CENTER FOR MENTAL HEALTH,
ANDREW PARDO, GENE YELLIN, DAVID BELGRAY,
RUBY BENJAMIN, JOSEPHINE DIAZ, TERESA GOUDIE,
YVETTE JANSSEN, HOWARD KATZ, BETH RABINOVE,
SHARLENE BIRD and JUSTIN STERN,

Defendants.

-----------------------------------------------------------------------X

Plaintiffs, by their undersigned attorneys, as and for their Complaint, allege as follows:

### INTRODUCTION

1.      This is an action for damages brought by employees of the defendant

Metropolitan Center for Mental Health, each a member of a class of mental health professionals

who have been misclassified as "independent contractors" as part of an effort to deprive them of

overtime pay, health benefits, retirement benefits, and social security contributions, and to

deprive the federal, state, and local government of taxes.

### JURISDICTION

2.      This Court's jurisdiction is invoked pursuant to 29 USC 1132 ("ERISA"),

18 USC §§ 1964 (Racketeer Influenced Corrupt Organizations Act, or "RICO"), and

28 USC § 1331.  This Court's pendent jurisdiction is also invoked.

## PARTIES

3.      Plaintiffs Maria Gonzalez Ferro, Alexandra Cattaruzza, Mara Oliva, Silvana

Bonil, Catalina Angel, Luma Rivera, Maria Paz Cuevas, Marcia Zorrilla, Eulalia Perez, Daniel

Criado, Eric Losada, Ricardo Vacca and Heydi de la Cruz are employed as mental health

therapists by defendant Metropolitan Center for Mental Health ("MCMH"). Plaintiffs were

previously or are presently employed as employees, on a full time or part-time basis. Said

plaintiffs were educated in other countries and were sponsored for their immigration by MCMH.

4.      Defendant MCMH is a not-for-profit corporation incorporated, upon information

and belief, in the State of New York, with its principal office at 160 West 86th Street, New York,

New York, 10024. It functions as a licensed psychiatric clinic, supervised by the New York

State Department of Health. MCMH is an "enterprise" engaged in, and the activities of which

affect, interstate commerce within the meaning of 18 USC §§ 1961(4) and 1962, and is an

employer as that term is defined at 29 USC § 1132.

5.      Defendant Andrew Pardo is, and at all relevant times, has been, the Executive

Director of MCMH.

6.      Defendants Gene Yellin, David Belgray, Ruby Benjamin, Josephine Diaz,

Teresa Goudie, Yvette Janssen, Howard Katz, Beth Rabinove, Sharlene Bird, and Justin Stern

are presently, and upon information and belief at all relevant times have been, members of the

Board of Directors of MCMH.

## CLASS ACTION ALLEGATIONS

7.      Plaintiffs bring this action on behalf of a class of similarly situated employees, to

wit, mental health professionals, employed full or part time by MCMH, who have, during some

2

period, been classified as "independent contractors" even though, as a matter of law, they were employees.

        a.      The class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class.

        b.      The claims or defenses of the representative parties are typical of the claims or defenses of the class.

        c.      The representative parties will fairly and adequately protect the interests of the class.

        d.      Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

        e.      Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

        f.      The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FACTS RELEVANT TO ALL CLAIMS

8.      Plaintiffs hold graduate degrees from universities located in countries other than the United States. Each holds a license in New York either as a Mental Health Counselor or Clinician, or as a Clinical Social Worker, or holds a Masters Degree recognized by the New York State Department of Education.

9.      Plaintiffs worked for defendant MCMH during some period between 1998 and the present date.  During the periods of their employment through 2012, Plaintiffs were classified by MCMH as independent contractors for tax purposes.   Plaintiffs have been classified as independent contractors even though:

        a.      their clients were selected for them by MCMH;

        b.      Their hours were set by MCMH;

        c.      Their appointments were made by MCMH;

        d.      The amount they were paid and could charge patients was set by MCMH;

        e.      Their offices were provided by MCMH;

        f.      They were required to see all patients in their MCMH offices;

        g.      Their attire, appearance, and professional procedure were controlled by MCMH; and

        h.      They were subject to discipline by MCMH management.

10.      During this same period of time, even when they were working fulltime:

        a.      Plaintiffs were responsible for paying their own social security tax payments;

        b.      Plaintiffs were not given the health insurance benefits available to employees under the MCMH health benefit plan;

        c.      Plaintiffs were not credited with retirement benefits available to employees under the MCMH retirement plan; and

        d.      Plaintiffs were not paid overtime benefits, vacation, sick leave, and other benefits available to other employees under the MCMH Personnel Policies and Procedures Manual.

11.    In furtherance of this scheme to deprive plaintiffs and the class they represent of benefits, defendant Pardo and his staff, with the knowledge of the other individual defendants (hereinafter the "Board"), did submit reports, by mail, to the Internal Revenue Service, the New York State Department of Labor, and the New York State Income Tax Department asserting either that plaintiffs and the class they represent were not among MCMH's employees or asserting, falsely, through the issuance of 1099s and other documents, that they were independent contractors.

12.    In addition, in arranging with immigration authorities for plaintiffs to have work status in the United States, MCMH made representations, by mail, to the U.S. Immigration and Naturalization Service that plaintiffs were employed as employees and were being paid a salary. These representations were false and were made in order to secure inexpensive labor from foreign nationals, who feared complaining about their mistreatment.

13.    The allegations of paragraphs 1 – 12 set forth above are incorporated by reference into the causes of action set forth below.

### AS AND FOR A FIRST
### CAUSE OF ACTION

14.    Each mailing to the Immigration and Naturalization Service and to a government tax authority by defendant Pardo and his staff, with the Board's knowledge, constituted a violation of 18 USC § 1341, and each constituted an instance of racketeering activity as defined in 18 USC 1961(1).

15.    The multiple acts of racketeering activity by defendants were interrelated, part of a common and continuous pattern of fraud, perpetrated for the same of similar purposes, thus constituting a "pattern of racketeering activity" as defined in 18 USC § 1961(5).

16.    As a proximate result of the aforedescribed acts, the plaintiffs whose rights were impacted suffered the loss of beneficial working conditions and benefits, and suffered general damages including, but not limited to, loss of wages and benefits.

17.    By reason of the aforedescribed acts, defendants did conduct the affairs of MCMH through a pattern of racketeering activity in violation of 18 USC § 1962(c), which caused Plaintiffs and Plaintiffs' class injury.

## AS AND FOR A SECOND
## CAUSE OF ACTION

18.    Because plaintiffs were misclassified and were reported falsely to tax authorities, plaintiffs had to pay the full Social Security tax on their earnings, and MCMH did not pay the employer's share, required under 26 USC § 3111.

19.    MCMH's failure to pay this tax arose as a consequence of it having engaged in fraud, to plaintiffs' detriment, in the sum paid as Social Security tax.

## AS AND FOR A THIRD
## CAUSE OF ACTION

20.    The Personnel Policies and Procedures Manual (the "Plan") issued by MCMH was an "employee welfare plan" as that term is defined at 29 USC § 1001.

21.    Plaintiffs, because they were misclassified, did not receive overtime benefits (in fact, they were not paid for many hours they worked), paid vacation benefits, and sick leave benefits to which they were entitled. By acting as aforedescribed, defendants violated the Plan.

## AS AND FOR A FOURTH
## CAUSE OF ACTION

22.    MCMH maintained an "employee retirement plan" as that term is defined at 29 USC § 1001.

23.     Plaintiffs, because they were misclassified, have improperly not been included in MCMH's retirement plan, and, upon retirement, will not be able to receive benefits.  By acting as aforedescribed, defendants violated the Retirement Plan.

### AS AND FOR A FIFTH
### CAUSE OF ACTION

24.     By acting as aforedescribed and committing fraud in order to bring plaintiffs to the United States, defendants acted fraudulently, and violated 18 USC § 1351, to plaintiffs' injury.

### DAMAGES

25.     As a proximate result of the aforedescribed unlawful actions of the defendants, plaintiffs have suffered:

      a.     A loss of money they improperly paid on their own for Social Security benefits;

      b.     A loss of paid vacation time, paid sick leave, and overtime pay;

      c.     A loss of money paid by them for health benefits;

      d.     A loss of retirement benefits; and

      e.     Emotional distress with attendant physical symptoms.

### JURY DEMAND

26.     Plaintiffs demand a jury trial in each and every cause of action set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court enter judgment for:

      a.     All lost money they improperly paid on their own for Social Security benefits;

7

b.   All lost paid vacation time, paid sick leave, and overtime pay;

c.   All lost money paid by them for health benefits;

d.   All lost retirement benefits;

e.   $250,000 for emotional distress damages;

f.   Treble damages as permitted by 18 USC § 1964(c); and

g.   Costs, attorneys' fees, and such other and further relief as the Court deems

just and equitable.


Dated: April 5, 2013


ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS

By:_____
Arthur Z. Schwartz
Tracey L Kiernan
225 Broadway, Suite 1902
New York, New York  10007
(212) 285 1400
aschwartz@advocatesny.com
tkiernan@advocatesny.com