UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MARIA GONZALEZ FERRO, ALEXANDRA
CATTARUZZA, MARA OLIVA, SILVANA
BONIL, CATALINA ANGEL, LUMA RIVERA,
MARIA PAZ CUEVAS, MARCIA ZORRILLA,
EULALIA PEREZ, DANIEL CRIADO, ERIC
LOSADA, RICARDO VACCA, and HEYDI DE
LA CRUZ on their own behalf and on behalf of a
class similarly situated,

                Plaintiffs,

      -against-

METROPOLITAN CENTER FOR MENTAL
HEALTH, ANDREW PARDO, GENE YELLIN,
DAVID BELGRAY, RUBY BENJAMIN,
JOSEPHINE DIAZ, TERESA GOUDIE,
YVETTE JANSSEN, HOWARD KATZ, BETH
RABINOVE, SHARLENE BIRD and JUSTIN
STERN,

                Defendants.
----------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-16-14
```

13 Civ. 2347 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

      Plaintiffs Maria Gonzalez Ferro, Alexandra Cattaruzza, Mara Oliva, Silvana Bonil, Catalina Angel, Luma Rivera, Maria Paz Cuevas, Marcia Zorrilla, Eulalia Perez, Daniel Criado, Eric Losada, Ricardo Vacca, and Heydi de la Cruz move for reconsideration of this Court's Memorandum and Order, filed March 27, 2014, dismissing their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. § 3111, against defendants Metropolitan Center for Mental Health, its executive director, Andrew Pardo, and directors Gene Yellin, David Belgray, Ruby Benjamin, Josephine Diaz, Teresa Goudi, Yvette Janssen, Howard

Katz, Beth Rabinove, Sharlene Bird, and Justin Stern (collectively, "MCMH"). For the reasons discussed, plaintiffs' motion is denied.

## BACKGROUND

In a Memorandum and Order dated March 27, 2014 (the "Order"), this Court dismissed plaintiffs' claims brought against MCMH under RICO, 18 U.S.C. § 1964(c), and FICA, 26 U.S.C. § 3111. (Memorandum and Order ("Order") 14, Docket # 29.)

Familiarity with the facts as described in the Order is assumed. In the Order, the Court determined that, as alleged, MCMH's allegedly fraudulent communications to the Immigration and Naturalization Service (the "INS") were not plausibly the proximate cause of plaintiffs' alleged ultimate harm, namely the loss of wages and benefits arising out of their misclassification as independent contractors and could not form a basis for a claim under RICO. (Id. at 8–9.) The Court further determined that plaintiffs' allegations that MCMH failed to pay its share of contributions under FICA were an attempt to assert a private cause of action under the Internal Revenue Code (the "IRC"). (Id. at 9.) Finding no private cause of action, the Court dismissed the claim. (Id. at 10.)

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P. A motion to reconsider is "addressed to the sound discretion of the district court[.]" See Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (internal citation and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted).

## DISCUSSION

Plaintiffs raise two points in support of their motion for reargument. First, plaintiffs argue that in dismissing their RICO claim the Court failed to consider that the allegedly fraudulent mailings to the Internal Revenue Service (the "IRS") caused a portion of their ultimate injury, namely the overpayment of taxes. Second, plaintiffs argue that the second cause of action, which the Court characterized as a claim under FICA, should have been characterized as a fraud claim.

### I. Plaintiffs' Alleged RICO Claim

Plaintiffs assert that the Court mischaracterized the ultimate harm alleged as "[p]laintiffs' presence in the U.S." As will be shown, the assertion is incorrect. According to the First Amended Complaint (the "FAC"), the loss alleged was "the loss of beneficial working conditions and benefits," as well as "general damages including, but not limited to, loss of wages and benefits." (First Am. Compl. ("FAC") ¶ 16.) The FAC also alleges that the mailings to the INS and IRS were perpetrated for "the same [or] similar purposes." (Id. ¶ 15.) The FAC describes the allegedly fraudulent mailings as being part of a "scheme to deprive plaintiffs . . . of benefits" and made "in order to secure inexpensive labor for foreign nationals." (Id. ¶¶ 11–12.)

The Court interpreted these allegations to suggest that MCMH, through fraudulent means, brought the plaintiffs into the country and subsequently misclassified them as independent contractors. (See Order 8.) Consequently, the Court understood the plaintiffs' ultimate harm to be the lost wages and benefits arising out of their misclassification. (See id. at 8–9 ("Though it is plausible that absent MCMH's representations, plaintiffs would not have gained entry to the United States, it does not follow that their mere presence here caused their alleged ultimate harm, namely their loss of wages and benefits.").)

According to plaintiffs, the allegedly fraudulent mailings to the IRS also contributed to their injury, a fact allegedly overlooked by the Court. As an initial matter, if the plaintiffs' misclassification was, as the FAC alleged, plaintiffs' ultimate harm, then the mailings to the IRS could not have plausibly caused the misclassification; they would have been a consequence of it. As an alternative interpretation, plaintiffs assert that MCMH's mailings to the IRS caused subsequent harm, namely the overpayment of taxes.

Under RICO, harm caused by predicate acts, even subsequent to the ultimate harm, may be compensable. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985). Thus, assuming the allegedly fraudulent IRS mailings were the proximate cause of the overpayment, plaintiffs may be able to recover under RICO. In support of this argument, plaintiffs assert that "[i]t is clear" that the mailings to the IRS were the proximate cause of their overpayment of taxes. However, they do not explain how the harm of overpayment flowed from the allegedly fraudulent mailings to the IRS.

Absent a non-conclusory explanation of how the IRS mailings caused the overpayment of taxes, or any other alleged injury, the Court concludes that the FAC does not plausibly allege that the IRS mailings proximately caused the plaintiffs' injury. Consequently,

the Court concludes that its prior conclusion that the FAC did not state a claim under RICO was not clearly erroneous.

Even if plaintiffs had sufficiently articulated a causal connection between MCMH's mailings to the IRS and plaintiffs' alleged overpayment of taxes, the RICO claim would still be deficient. A plaintiff only has standing under RICO "if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Id. at 496. Here, the damages that plaintiffs are attempting to recover are their overpayment of taxes as a consequence of MCMH's filings to the IRS. Thus, the underlying claim is properly characterized as a tax recovery claim. Accord Johnson v. S. Farm Bureau Life Ins., No. 99-30808, 2000 WL 553958, at *1 (5th Cir. Apr. 10, 2000) (noting that because a plaintiff attempted to pursue an action against his alleged "employer" "to recover a sum representing federal taxes he and other putative class members had paid," the suit was "properly characterized as one for 'recovery' of a tax 'alleged to have been erroneously or illegally assessed or collected.'" (discussing Sigmon v. Southwest Airlines Co., 110 F.3d 1200, 1203–04 (5th Cir. 1997)).

The IRC provides for a civil action to recover "any internal revenue tax alleged to have been erroneously or illegally assessed or collected." 26 U.S.C. § 7422. However, such an action "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1). In this District, courts have interpreted section 7422 of the IRC to be an exclusive remedy a bar to actions against private defendants. Matthew v. RCN Corp., No. 12 Civ. 0185(JMF), 2012 WL 5834917, at *4–5 (S.D.N.Y. Nov. 14, 2012); Lehman v. USAIR Group, Inc., 930 F. Supp. 912, 914–15 (S.D.N.Y. 1996); DuPont Glore Forgan Inc. v. Am. Tel.

& Tel. Co., 428 F. Supp. 1297, 1302–03 (S.D.N.Y. 1977) (Weinfeld, J.) ("And it has long been held, without qualification, that the remedy so given by the Code is exclusive, and no other remedy can be substituted for it." (internal quotation marks, citations, and alterations omitted)), aff'd 578 F.2d 1367 (2d Cir. 1978).

Assuming plaintiffs had overpaid taxes, MCMH would not be liable to them for the amount paid and the proper course of action would be to bring suit against the Government. Consequently, because plaintiffs' would not have standing to bring their claim against MCMH to recover the overpayment of taxes, this alleged injury may not provide standing under RICO. See Sedima, S.P.R.L., at 496.

II. <u>Plaintiffs' Alleged Fraud Claim.</u>

Plaintiffs assert that the Court misinterpreted the FAC's second cause of action as attempting to state a claim for relief under FICA and should have construed it as a fraud claim. The cause of action, in its entirety, alleges:

> Because plaintiffs were misclassified and were reported falsely to tax authorities, plaintiffs had to pay the full Social Security tax on their earnings, and MCMH did not pay the employer's share, required under 26 U.S.C. § 3111.
>
> MCMH's failure to pay this tax arose as a consequence of it having engaged in fraud, to plaintiffs' detriment, in the sum paid as Social Security tax.

(FAC ¶¶ 18–19.)

The Court construed these allegations as an attempt to recover money that MCMH should have paid to the government under its FICA obligations. Plaintiffs' argument that this cause of action is properly read as a fraud claim is unpersuasive. The damages alleged are those arising from the federal tax laws, which the Court found did not provide plaintiffs with a private right of action. See Matthew, 2012 WL 5834917, at *5 ("And although Plaintiff's

claims are brought under state common law, it is plain that they are really 'for disguised refunds of taxes.'"); Deleau v. Scaife, 775 F. Supp. 712, 717 (S.D.N.Y. 1991) ("Plaintiff cannot change the nature of her claim merely by calling it a tort; her claim is one for damages based upon violations of statutes that do not expressly create a private cause of action and this Court finds no basis for implying a private remedy for violations of these laws."); see also McDonald v. S. Farm Bureau Life Ins. Co., 291 F.3d 718, 721–22 (11th Cir. 2002) (construing a claim that employees overpaid FICA taxes as a consequence of misclassification as a private cause of action under FICA).

Furthermore, even if the Court were to construe the cause of action as a fraud claim, plaintiffs would still be unable to recover from MCMH. As discussed above, the exclusive remedy to recover excess tax payments is by filing suit against the government, and not through an action against a private party. See 26 U.S.C. § 7422(f)(1).

Therefore, the Court concludes that its prior conclusion that the FAC attempted to state a claim under FICA was a fair reading of the FAC.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to reconsider (Docket # 31) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 16, 2014